(No. 13021.—Cause transferred.)

BENJAMIN W. STAFFORD *et al.* Plaintiffs in Error, *vs.* HER-
BERT R. PHELPS *et al.* Defendants in Error.

*Opinion filed December 17, 1919.*

FREEHOLD—*when a freehold is not involved.* Where the inter-
est of a minor devisee in real estate has been sold and the proceeds
of such sale have been turned over by her guardian to the admin-
istratrix of her estate, a bill filed against the guardian, administra-
trix and heirs asking for a construction of the will and that the
proceeds of the sale be held to be the property of the complainants
is merely a suit for recovery of money and no freehold is involved.

WRIT OF ERROR to the Circuit Court of Will county;
the Hon. DORRANCE DIBELL, Judge, presiding.

GEORGE WARNER YOUNG, for plaintiffs in error.

FRANK G. BRUMUND, (PENCE B. ORR, guardian *ad li-
tem,*) for defendants in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

Enoch Stafford executed his will on October 19, 1901,
devising certain real estate to his wife for life with remain-
der to five of their children and one grandchild, the son of
a deceased daughter. John, one of the devisees, died, and
on June 18, 1907, the testator executed a codicil devising
the share given to John by the original will, one-half to
another son, William, and one-half to John's daughter,
Celia, "providing that if my said grand-daughter, Celia,
shall not survive the time for distribution of my estate
under this my will, or if she, my said grand-daughter, dies
leaving no child or children or descendants surviving, then
all her said share in my estate shall be equally divided be-
tween my children, Mary J. Royce, Benjamin W. Stafford,
George M. Stafford, and will is confirmed." The testator
died on January 25, 1911, his wife having died before him.
Celia was a minor, and in the year succeeding the testator's

death all her interest in the real estate which was devised to her was sold by her guardian, under the direction of the probate court, for $2068.78. Celia died October 26, 1918, being still a minor, leaving no children. Her mother, Leota Marshall, and a half-sister, Dorothy Marshall, were her only heirs. The mother was appointed administratrix of Celia's estate, and her guardian having settled his accounts with the probate court, paid to the administratrix the funds in his hands, amounting to $2383.48. Thereupon the children of Enoch Stafford, to whom Celia's share was devised by the codicil in case of her death without children, filed a bill in the circuit court of Will county against Celia's guardian, administratrix and heirs, praying for a construction of the will of Enoch Stafford and a decree that the funds in the hands of Celia's guardian at her death belonged to the complainants and should be paid over to them. The court upon a hearing decreed that Celia Stafford was vested by the codicil with a fee simple estate, and that upon her death her legal heirs became entitled to any estate she may have acquired by the will of Enoch Stafford. Thereupon the complainants sued out a writ of error.

The writ should have been sued out of the Appellate Court. No freehold is involved in the case. Whether Celia Stafford's interest was a fee or not, it was sold, and nobody else had any interest in the proceeds of the sale. The object of the bill is the recovery of money which was never part of the estate of the testator and is in no way affected by the provisions of his will. The complainants do not seek to recover the title or the possession of the land or any interest in it. What they seek to recover is the proceeds of the sale of the interest of Celia in the land. These proceeds are personal property. It is entirely immaterial what her interest in the land was. There is no other ground for jurisdiction of the writ of error.

The cause will be transferred to the Appellate Court for the Second District.                    *Cause transferred.*